ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
JULIE Z. KIMBALL, State Bar No. 252449
*jkimball@elkinskalt.com*
LEANNE OATES VANECEK, State Bar No. 279317
*lvanecek@elkinskalt.com*
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400
Facsimile: 310.746.4499

Attorneys for Defendants Todd Kaplan, Medical Investor Holdings LLC dba Vertical Companies, Vertical Wellness, Inc., Matt Kaplan, Drew Milburn, Courtney Dorne, Smoke Wallin, Robert Scott Kaplan aka Robert Scott, Elyse Kaplan, Jeff Silver, Iron Angel II, LLC, and NCAMBA9, Inc.

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

FRANCINE SHULMAN; IRON ANGEL, LLC; 3F, INC.,

Plaintiffs,

v.

TODD KAPLAN; MEDICAL INVESTOR HOLDINGS LLC dba VERTICAL COMPANIES; VERTICAL WELLNESS, INC.; CHARLES HOUGHTON; MATT KAPLAN; DREW MILBURN; COURTNEY DORNE; SMOKE WALLIN; ROBERT SCOTT KAPLAN aka ROBERT SCOTT; ELYSE KAPLAN; JEFF SILVER; IRON ANGEL II, LLC; NCAMBA9, INC., and DOES 1 through 10, inclusive,

Defendants.

CASE No. 2:19-CV-05413

MIH DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT, SUBMITTED IN THE ALTERNATIVE TO MIH DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY ACTION PENDING ARBITRATION

[Notice of Motion and Motion to Dismiss filed concurrently herewith; [Proposed] Order lodged concurrently herewith]

Judge: Hon. Andre Birotte, Jr.
Date: November 8, 2019
Time: 10:00 A.M.
Courtroom.: 7B

Action Filed: June 20, 2019
Trial Date: None Set

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 9

II. PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED ..... 9

A. Legal Standard ..... 9

B. Plaintiffs Cannot Establish the RICO Claims ..... 10

1. Plaintiffs Cannot Use a Federal Statute to State a Claim for Damages Based on Activity that is Illegal Under Federal Law ..... 10

2. Vertical Did Not "Conduct" the Alleged Enterprise ..... 11

3. Plaintiffs Fail to Establish a Pattern of Racketeering Activity ..... 11

(a) Plaintiffs Fail to Plead Two Predicate Acts for Each Defendant ..... 12

(b) Plaintiffs Fail to Plead Continuity ..... 14

C. Plaintiffs Fail to State a Claim for RICO Conspiracy ..... 16

D. Plaintiffs Fail To State Any Claim For Fraud ..... 17

1. Legal Standard ..... 17

2. The Intentional and Negligent Misrepresentation Claims Fail as the Complaint Fails to Allege Any Actionable Misrepresentation ..... 18

(a) Alleged Misrepresentations by Kaplan ..... 18

(b) Alleged Misrepresentations by Dorne ..... 20

E. Plaintiffs Cannot State a Claim for Fraudulent Concealment as the Complaint Fails to Establish a Duty to Disclose the Allegedly Concealed Facts ..... 20

F. Ms. Shulman and Iron Angel LLC Lack Standing to Bring Claims for Breach of the Cultivation Agreement or Breach of the Implied Covenant of Good Faith and Fair Dealing ..... 22

G. Plaintiffs Cannot Establish a Claim for Breach of Contract of the Cultivation Agreement Against Todd Kaplan or a Breach of Oral Contract for the Wellsprings Agreement Against NCAMBA9 ..... 23

H. Plaintiffs Cannot Establish a Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing of the Wellsprings Agreement Against NCAMBA9 or Vertical ..... 23

I. Plaintiffs Cannot Establish the Trademark Infringement, False Advertising, or California Common Law Unfair Competition Claims ..... 24

1. Plaintiffs Do Not Have A Valid, Protectible Mark ..... 25

2. Plaintiffs Fail To Allege Likelihood of Confusion ..... 26

3. Plaintiffs Fail to Plead False Advertising Under the Heightened Pleading Standard ..... 28

J. Plaintiffs Cannot Establish a Claim for Intentional Interference with Contractual Relations Against Todd Kaplan Because He is a Party to the Wellsprings Purchase Agreement ..... 28

K. Plaintiffs Fail to Establish a Claim for Intentional Interference with Prospective Economic Advantage ..... 29

L. Plaintiffs Cannot Establish a Claim for Intentional Infliction of Emotional Distress ..... 30

M. Ms. Shulman Cannot Establish a Claim for Elder Financial Abuse ..... 31

N. Plaintiffs Cannot Establish a Claim for Malicious Prosecution ..... 32

O. Rescission and Constructive Trust Are Not Causes of Action ..... 32

III. CONCLUSION ..... 33


ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

# TABLE OF AUTHORITIES

Page(s)

## Federal Cases

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 10

*Addison Navone, LLC v. Travelers Property Casualty Co. of Am.*,
2019 WL 1746035 (C.D. Cal. April 16, 2019) .......... 30

*Agric. Water v. Occidental Oil & Gas Corp.*,
235 F. Supp. 3d 1132 (E.D. Cal. 2017) .......... 11, 12, 13

*Allstate Ins. Co. v. Madan*,
889 F. Supp. 374 (C.D. Cal. 1995) .......... 30

*Applied Info. Scis. Corp. v. eBay, Inc.*,
511 F. 3d 966 (9th Cir. 2007) .......... 26

*Avina v. United States*,
681 F. 3d 1127 (9th Cir. 2012) .......... 30

*Bobbleheads.com, LLC v. Wright Bros., Inc.*,
259 F. Supp. 3d 1087 (S.D. Cal. 2017) .......... 28

*Camofi Master LDC v. Associated Third Party Administrators*,
2016 WL 6834585 (N.D. Cal. Nov. 21, 2016) .......... 32

*Camp v. Pacific Financial Group*,
956 F. Supp. 1541 (C.D. Cal. 1997) .......... 12, 13

*Chung Goh v. Prima Fin. Grp., Inc.*,
2017 WL 7887860 (C.D. Cal. July 26, 2017) .......... 16

*Comm. to Protect our Agric. Water*,
235 F. Supp. 3d at 1177 .......... 12

*Comwest, Inc. v. American Operator Services, Inc.*,
765 F. Supp. 1467 (C.D. Cal. 1991) .......... 12, 15

*CRST Van Expedited, Inc. v. Werner Enterprises, Inc.*,
479 F. 3d 1099 (9th Cir. 2007) .......... 29

*Cutler v. Rancher Energy Corp.*, 2014 WL 1153054 (C.D. Cal. Mar. 11, 2014) .......... 20

*Deteresa v. Am. Broad. Companies, Inc.*, 121 F. 3d 460 (9th Cir. 1997) .......... 22

*Eclectic Props. East, LLC v. Marcus & Millichap Co.*, 751 F. 3d 990 (9th Cir. 2014) .......... 14

*EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.*, 711 F. Supp. 2d 1074 (C.D. Cal. 2010) .......... 28

*Fotinos v. Fotinos*, 2013 WL 1195644 (N.D. Cal. Mar. 22, 2013) .......... 15

*Gonzales v. Raich*, 545 U.S. 1 (2005) .......... 10

*Grupo Gigante SA De CV v. Dallo & Co.*, 391 F. 3d 1088 (9th Cir. 2004) .......... 24

*GSI Tech. v. United Memories, Inc.*, 2014 WL 1572358 (N.D. Cal. Apr. 18, 2014) .......... 16

*Halliwell v. A-T Sols.*, 983 F. Supp. 2d 1179 (S.D. Cal. 2013) .......... 9

*Hokto Kinoko Co. v. Concord Farms, Inc.*, 810 F. Supp. 2d 1013 (C.D. Cal. 2011) .......... 24

*Holt v. Kormann*, 2011 WL 13232158 (C.D. Cal. Sept. 27, 2011) .......... 23

*Howard v. America Online*, 208 F. 3d 741 (9th Cir. 2000) .......... 16

*Ixchel Pharma, LLC v. Biogen, Inc.*, 930 F. 3d 1031 (9th Cir. 2019) .......... 29

*James v. City of Costa Mesa*, 700 F. 3d 394 (9th Cir. 2012) .......... 11

*Kwan v. SanMedica Int'l*, 854 F. 3d 1088 (9th Cir. 2017) .......... 10

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

*Kythera Biopharmaceuticals, Inc. v. Lithera, Inc.*,
998 F. Supp. 2d 890 (C.D. Cal. 2014)....................24, 25

*Lintz v. Bank of America, N.A.*,
2013 WL 5423873 (N.D. Cal. Sept. 27, 2013)....................31

*Malhotra v. Copa de Ora Realty, LLC*,
673 F. App'x 666 (9th Cir. 2016)....................14

*Markowitz v. Diversified Lending Group, Inc.*,
2009 WL 10670690 (C.D. Cal. Sept. 3, 2009)....................31

*Monreal v. GMAC Mortg.*, LLC,
948 F. Supp. 2d 1069 (S.D. Cal. 2013)....................17, 18

*NovelPoster v. Javitch Canfield Group*,
2014 WL 5687344 (N.D. Cal. Nov. 4, 2014)....................22

*Forest City Residential Mgmt., Inc. ex rel. Plymouth Square Ltd. Dividend Hous. Ass'n v. Beasley*,
71 F. Supp. 3d 715 (E.D. Mich. 2014)....................11

*Ravet v. Solomon, Ward, Seidenwurm & Smith, LLP*,
2007 WL 2088381 (S.D. Cal. July 17, 2007)....................14

*Rearden LLC v. Rearden Commerce, Inc.*,
683 F. 3d 1190 (9th Cir. 2012)....................24, 25

*Reno Air Racing Ass'n, Inc. v. McCord*,
452 F. 3d 1126 (9th Cir. 2006)....................25

*Schneider v. TRW, Inc.*,
938 F. 2d 986 (9th Cir. 1991)....................30

*Sever v. Alaska Pulp. Corp.*,
978 F. 2d 1529 (9th Cir. 1992)....................15, 16

*In re Silva*,
539 B.R. 172 (2015)....................22

*Spy Optic, Inc. v. Alibaba.Com, Inc.*,
163 F. Supp. 3d 755 (C.D. Cal. 2015)....................27

*Stewart v. Wachowski*,
2005 WL 6184235 (C.D. Cal. June 14, 2005)....................14

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

*Taguinod v. World Sav. Bank*,
755 F. Supp. 2d 1064 (C.D. Cal. 2010)....................32, 33

*UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc.*,
117 F. Supp. 3d 1092 (C.D. Cal. 2015)....................19, 20

*Walter v. Drayson*,
538 F. 3d 1244 (9th Cir. 2008)....................11

*Webster v. HSBC USA Nat'l Ass'n*,
2012 WL 13012700 (C.D. Cal. March 5, 2012)....................23

*In re Wellpoint, Inc. Out-of-Network UCR Rates Litig.*,
903 F. Supp. 2d 880 (C.D. Cal. 2012)....................12, 13, 14

*Wynn v. Nat'l Broadcasting Co.*,
234 F. Supp. 2d 1067 (C.D. Cal. 2002)....................29

*Wyrzykowski Cty. of Marin*,,
2015 WL 3613645, at *13–14 (N.D. Cal. June 9, 2015)....................15

*Yastrab v. Apple Inc.*,
173 F. Supp. 3d 972 (N.D. Cal. 2016)....................17, 18

State Cases

*Applied Equip. Corp. v. Litton Saudi Arabia, Ltd.*,
7 Cal. 4th 503 (1994)....................29

*Bank of Am. Corp.*,
198 Cal. App. 4th at 8....................21, 22

*Embarcadero Mun. Improvement Dist. v. County of Santa Barbara*,
88 Cal. App. 4th 781 (2001)....................33

*Fleishman v. Superior Court*,
102 Cal. App. 4th 350 (2002)....................32

*Hughes v. Pair*,
46 Cal. 4th 1035 (2009)....................30

*L.A. Mem'l Coliseum Comm'n v. Insomniac, Inc.*,
233 Cal. App. 4th 803 (2015)....................21

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

*McClintock v. West*,
219 Cal. App. 4th 540 (2013) .......... 30

*Nakash v. Superior Court*,
196 Cal. App. 3d 59 (1987) .......... 32

*Weinbaum v. Goldfarb, Whitman & Cohen*,
46 Cal. App. 4th 1310 (1996) .......... 29

*Zucchet v. Galardi*,
229 Cal. App. 4th 1466 (2014) .......... 32

<u>Statutes</u>

15 U.S.C. § 1125(a) .......... 24

18 U.S.C. § 1962(c) .......... 11, 16

21 U.S.C. § 801 et seq. .......... 10

Cal. Welf. & Inst. Code § 15610.27 .......... 31

Cal. Bus. & Prof. Code § 17500, et seq .......... 24

Federal Rule of Civil Procedure 17 .......... 22

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

## I. INTRODUCTION

Plaintiffs' attempt to turn a local business dispute subject to mandatory arbitration into a federal case under the Racketeer Influenced and Corrupt Organizations Act ("RICO") should be rejected.

Defendant NCAMBA9, Inc. ("NCAMBA9") entered into a Reciprocal Membership and Cultivation Agreement (the "Cultivation Agreement") with Plaintiffs regarding the cultivation of cannabis on property located in Lompoc, California. The Cultivation Agreement contains a broad arbitration clause requiring a mandatory mediation and arbitration of any disputes in Santa Barbara, California.

Plaintiffs breached the Cultivation Agreement, and NCAMBA9 filed a demand for arbitration, but Plaintiffs refused to participate in mediation or arbitration. NCAMBA9 was then forced to file a petition to compel arbitration in the California Superior Court, which was granted.

One day after the California Superior Court, Santa Barbara County, Hon. Timothy J. Staffel presiding, granted NCAMBA9's petition to compel arbitration, and further ordered the parties to complete said arbitration before December 31, 2019 (which Plaintiffs' counsel agreed to do in open court), Plaintiffs filed a 132-page complaint in federal court (the "Complaint"), asserting twenty-five claims. At least eleven of the claims are subject to arbitration pursuant to the Cultivation Agreement, and the remaining claims should be stayed pending the outcome of the arbitration. If the claims are not subject to arbitration or stayed pending arbitration, they fail to state a claim as a matter of law for reasons herein.

## II. PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED

### A. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure ("F.R.C.P.") 12(b)(6) "tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted." *Halliwell v. A-T Sols.*, 983 F. Supp. 2d 1179, 1181 (S.D.

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

Cal. 2013). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). This requires more than "a sheer possibility that a defendant has acted unlawfully." *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017) (citing *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "In assessing whether a party has stated a claim upon which relief can be granted, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party." *Id*. "[C]onclusory allegations of law and unwarranted inferences [ ] are insufficient to avoid dismissal." *Id*. (citations omitted).

B. Plaintiffs Cannot Establish the RICO Claims

1. Plaintiffs Cannot Use a Federal Statute to State a Claim for Damages Based on Activity that is Illegal Under Federal Law

Plaintiffs concocted an elaborate tale of scheming and conspiracy to obtain treble damages under the federal RICO statute. But Plaintiffs' alleged damages relate to their local cannabis business, which is illegal under the federal Controlled Substances Act, 21 U.S.C. § 801 et seq. ("CSA").[1] *See* Complaint ¶177 ("Plaintiffs sustained injury to their business . . . including Defendants' scheme to take over Ms. Shulman's cannabis business . . . As a result, Plaintiffs lost control over their cannabis cultivation operation for a time at the Iron Angel Property, lost the opportunity to purchase and cultivate cannabis on the Wellsprings Property . . .").

Plaintiffs cannot seek protection under federal law for an activity that is illegal under federal law, even if such activity is legal under state law. *See, e.g.*,

[1] "Marijuana is classified [under federal law] as a Schedule I substance, § 812(c), based on its high potential for abuse, no accepted medical use, and no accepted safety for use in medically supervised treatment, § 812(b)(1). This classification renders the manufacture, distribution, or possession of marijuana a criminal offense. §§ 841(a)(1), 844(a)." *Gonzales v. Raich*, 545 U.S. 1, 2 (2005).

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

*James v. City of Costa Mesa*, 700 F.3d 394 (9th Cir. 2012) (Plaintiffs cannot use the federal Americans with Disabilities Act to seek protection from discrimination for their medical marijuana use, which was illegal under federal law); *Forest City Residential Mgmt., Inc. ex rel. Plymouth Square Ltd. Dividend Hous. Ass'n v. Beasley*, 71 F. Supp. 3d 715, 719 (E.D. Mich. 2014) (Defendant living in federally-subsidized housing cannot obtain a reasonable accommodation for the right to use medical marijuana under Fair Housing Act, because it is illegal under federal law).

2. Vertical Did Not "Conduct" the Alleged Enterprise

Even if Plaintiffs could use RICO to turn their local business dispute regarding cannabis cultivation into a federal case, they have failed to state a claim for violation of Section 1962(c). "To state a claim under § 1962(c), a plaintiff must allege '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Walter v. Drayson*, 538 F.3d 1244, 1247 (9th Cir. 2008) (citation omitted). To participate, directly or indirectly, in the conduct of an enterprise's affairs, "one must have some part in directing those affairs." *Id.* at 1248. Plaintiffs allege an associated-in-fact RICO enterprise that includes, among others, Todd Kaplan ("Kaplan"), Charles Houghton ("Houghton"), and Vertical. Complaint ¶ 183. But the Complaint makes clear that Vertical does not direct the affairs of the alleged enterprise. Instead, it alleges that Kaplan owns a majority of Vertical, which "is used" to carry out the enterprise's purpose. Complaint ¶ 193. If Vertical is a mere vehicle, *see* Complaint ¶ 193, it necessarily does not direct the affairs of the enterprise. Accordingly, Plaintiffs' RICO claim against Vertical fails.

3. Plaintiffs Fail to Establish a Pattern of Racketeering Activity

To adequately allege a pattern of racketeering activity, plaintiffs must plead "that defendants committed at least two of the statutorily enumerated predicate acts." *Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.*, 235 F. Supp. 3d 1132, 1177 (E.D. Cal. 2017) (citing 18 U.S.C. § 1961(5); *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004)). "[W]here RICO claims under § 1962(c) are

asserted against multiple defendants, a plaintiff must allege at least two predicate acts by each defendant." *Id.*; *see also In re Wellpoint, Inc. Out-of-Network UCR Rates Litig.*, 903 F. Supp. 2d 880, 913-914 (C.D. Cal. 2012). Additionally, "plaintiffs must allege: (i) that the racketeering predicates are related, and (ii) that they amount to or pose a threat of continued criminal activity." *Comm. to Protect our Agric. Water*, 235 F. Supp. 3d at 1177 (citing *Turner*, 362 F.3d at 1229).

Plaintiffs fail to allege that each defendant committed two predicate acts, and fail to plead continuity because Plaintiffs are the only alleged victims of the predicate acts, which were allegedly designed to bring about one event - the takeover of Ms. Shulman's cannabis cultivation business.

(a) Plaintiffs Fail to Plead Two Predicate Acts for Each Defendant

"To allege a violation of the mail and wire fraud statutes, a plaintiff must show (1) a scheme to defraud, (2) use of either the U.S. mails or interstate wires in furtherance of the fraud, and (3) specific intent to defraud." *Comwest, Inc. v. American Operator Services, Inc.*, 765 F. Supp. 1467, 1476 (C.D. Cal. 1991). In the Ninth Circuit, "fraud-based RICO claims may be dismissed if they fail to satisfy Rule 9(b)'s requirement that fraud claims be plead with particularity." *Id.* This means that Plaintiffs must include "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation," and "the circumstances indicating falseness." *Camp v. Pacific Financial Group*, 956 F. Supp. 1541, 1551 (C.D. Cal. 1997). Plaintiffs have failed to meet this standard.

First, Plaintiffs fail to adequately allege a scheme to defraud. The Complaint alleges that Kaplan, Houghton, and Vertical engaged in a scheme to defraud Ms. Shulman out of her cannabis cultivation business by luring her "into business deals with misrepresentations, concealments, and false promises" and converting funds that otherwise should have belonged to her. Complaint ¶¶ 186, 187, 201. But Plaintiffs fail to explain what is misleading about the allegedly fraudulent statements

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

or why they are false. *See, e.g.*, Complaint ¶¶ 75, 92, 222; *see also infra* Section III.D. For example, the Complaint alleges that Kaplan claimed that Vertical had extensive experience in the cannabis industry to induce Ms. Shulman to sign the Cultivation Agreement, but does not explain why or how this statement was false. Thus, Plaintiffs fail to plead fraud with the particularity required by Rule 9(b), and the RICO claim should be dismissed. *See Camp*, 956 F. Supp. at 1551-52.

Second, Plaintiffs fail to allege that Defendants used the U.S. mails or interstate wires in furtherance of the purported fraud. The Complaint does not explain how innocuous mailings and wires identified in the Complaint were incident to an essential part of a scheme to defraud. *Comm. to Protect our Agric. Water*, 235 F. Supp. 3d at 1179-80; *see also In re Wellpoint, Inc.*, 903 F. Supp. 2d at 913-914 (stating that when mailings do not contain misleading statements, a complaint must "particularly describe the scheme and how the communications, although facially innocent, furthered that scheme"). The mailings and wires were all *payments to Plaintiffs* and others for the operation of the parties' cannabis business. *See* Complaint ¶ 203 (mailed checks for mortgage on Iron Angel, to pay contractor invoice, and to reimburse for operation expenses); *id.* ¶ 204 (wires for payroll, seasonal funding, and operational expenses).

Moreover, all of these payments to assist Ms. Shulman took place *after* the parties entered into the Cultivation Agreement in August 2017, Complaint ¶ 78, so it is impossible that these payments were used as part of a scheme to create a "façade of credibility" to induce Ms. Shulman into "entering into the Cultivation Agreement." Complaint ¶ 201. Indeed, the Complaint is explicit that the alleged fraud had already become clear to Plaintiffs prior to any of the identified uses of mailings and wires. *See* Complaint ¶ 85 ("Before the ink had even dried on Kaplan's signature on the Cultivation Agreement, it became clear that he and Defendants had defrauded Ms. Shulman.").

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

Beyond failing to allege any uses of mailings and wires in furtherance of fraud, Plaintiffs fail to allege *any* such uses by *Kaplan*, and thus fail to plead mail or wire fraud against him. *See In re Wellpoint, Inc.*, 903 F. Supp. 2d at 914; *see Stewart v. Wachowski*, 2005 WL 6184235, at *7 (C.D. Cal. June 14, 2005) ("Courts have been particularly sensitive to Fed. R. Civ. Pro 9(b)'s pleading requirements in RICO cases in which the 'predicate acts' are mail fraud and wire fraud, and have further required specific allegations as to which defendant caused what to be mailed (or made which telephone calls), and when and how each mailing (or telephone call) furthered the fraudulent scheme.") (quoting *Gotham Print, Inc. v. American Speedy Printing Centers, Inc.*, 863 F. Supp. 447, 457 (E.D. Mich. 1994)).

Finally, Plaintiffs fail to adequately allege a specific intent to defraud. "In the absence of direct evidence of intent, the party asserting fraud must first prove the existence of a scheme which was reasonably calculated to deceive persons of ordinary prudence and comprehension, and then, by examining the scheme itself the court may infer a defendant's specific intent to defraud." *Eclectic Props. East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997, 1000 (9th Cir. 2014) (affirming dismissal of RICO allegations based on mail and wire fraud for failure to plead a specific intent to defraud) (internal quotation marks and citation omitted). Plaintiffs do not plead direct evidence of intent, and Plaintiffs have failed to allege a scheme to defraud. Accordingly, Plaintiffs have not pleaded a specific intent to defraud.

Plaintiffs have failed to allege mail and wire fraud as predicate acts, and therefore fail to plead at least two predicate acts for each defendant.

(b) Plaintiffs Fail to Plead Continuity

Courts in the Ninth Circuit have rejected RICO claims for a failure to plead continuity when "the case presents only one victim of racketeering, or the predicate acts are designed to bring about only a single event." *See Ravet v. Solomon, Ward, Seidenwurm & Smith, LLP*, 2007 WL 2088381, at *4–5 (S.D. Cal. July 17, 2007); *see also Malhotra v. Copa de Ora Realty, LLC*, 673 F. App'x 666, 668 (9th Cir.

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

2016) (affirming summary judgment for single scheme over the course of 16 months); *Sever v. Alaska Pulp. Corp.*, 978 F.2d 1529, 1535 (9th Cir. 1992); *Wyrzykowski Cty. of Marin*, 2015 WL 3613645, at *13–14 (N.D. Cal. June 9, 2015) ("Where the predicate acts were designed to bring about a single event or injury to a single plaintiff, continuity is not sufficiently plead."); *Fotinos v. Fotinos*, 2013 WL 1195644, at *7 (N.D. Cal. Mar. 22, 2013) (same).

Here, Plaintiffs allege multiple "acts" of racketeering activity between 2017 and the filing of the action, that the racketeering conduct had become the enterprise's regular way of conducting business, and the racketeering conduct "is continuing and threatens to continue in the future." Complaint ¶ 200. This attempt to plead open-ended continuity[2] is insufficient because Plaintiffs allege predicate acts based on a scheme to defraud Ms. Shulman – no one else. *See* Complaint ¶¶ 200-213. Although Plaintiffs assert that Kaplan and Vertical "have engaged in similar patterns of fraudulent conduct against similarly situated, small business owners who conduct cannabis cultivation operations," there are no facts alleged in the Complaint to support this statement. Complaint ¶ 205. And the predicate acts identified by Plaintiffs, even if they were adequately plead, amount to one course of conduct designed to bring about one event – the takeover of Ms. Shulman's cannabis cultivation business. *See* Complaint ¶¶ 203, 210 ("All of the Defendants' predicate acts of racketeering . . . had the same or similar purposes; i.e., to defraud Ms. Shulman, and to convert, steal, and divert the Shulman's property, assets, and entitlement to profits to their own benefit and use."). This scheme has a built-in end date: when Ms. Shulman's business is absorbed, the goal of the predicate acts is complete.

---

[2] RICO plaintiffs must allege either open-ended or closed-ended continuity. *Comwest, Inc.*, 765 F. Supp. at 1477 (citing *H.J., Inc. v. Northwestern Bell Tele. Co.*, 492 U.S. 229 (1989)). Here, Plaintiffs seem to rely on open-ended continuity.

Thus, "although [Plaintiffs] allege[] a number of 'acts,'" Defendants' "collective conduct is in a sense a single episode having the singular purpose" of taking over Ms. Shulman's business, "rather than a series of separate, related acts." *Sever*, 978 F.2d at 1535. Accordingly, Plaintiffs do not satisfy RICO's required showing of a pattern of racketeering activity, and the claim should be dismissed.

C. Plaintiffs Fail to State a Claim for RICO Conspiracy

Plaintiffs' RICO conspiracy claim fails because, as demonstrated above, their Section 1962(c) claim fails. *Howard v. America Online*, 208 F.3d 741, 751 (9th Cir. 2000) ("[T]he failure to allege substantive violations [of RICO] precludes [Plaintiffs'] claim that there was a conspiracy to violate RICO."); *GSI Tech. v. United Memories, Inc.*, 2014 WL 1572358, at *4-5 (N.D. Cal. Apr. 18, 2014).

The RICO conspiracy claim also fails because Plaintiffs failed to show either (1) that the defendants agreed to do something that is a substantive violation of RICO, or (2) that the defendants agreed to commit, or participated in, a violation of two predicate offenses. *See Howard*, 208 F.3d at 775. "A defendant must also have been aware of the essential nature and scope of the enterprise and intended to participate in it." *Id.* (quotation marks and citations omitted). "Conclusory allegations that RICO defendants entered into an agreement are insufficient." *Chung Goh v. Prima Fin. Grp., Inc.*, 2017 WL 7887860, at *3 (C.D. Cal. July 26, 2017) (citations omitted).

Plaintiffs do not adequately allege the existence of an agreement by Vertical Wellness, Smoke Wallin, Elyse Kaplan, or NCAMBA9 to participate in an endeavor that, if completed, would constitute a violation of the RICO statute.

The conclusory allegations that each of the Defendants "intended to further the fraud against Plaintiffs and agreed to participate in it" and "agreed to participate in an endeavor which, if completed, would constitute a violation of 18 U.S.C. § 1962(c)," Complaint ¶¶ 193, 196, 216, are not sufficient. *See Chung Goh, Inc.*, 2017 WL 7887860, at *3.

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

Additionally, Plaintiffs' specific allegations against Vertical Wellness, Smoke Wallin, Elyse Kaplan, and NCAMBA9 do not permit an inference that any of them entered into the required agreement. The complaint alleges that: (1) Vertical Wellness is "an affiliate of Vertical and is a recipient of ill-gotten gains" from the enterprise; (2) Smoke Wallin "runs the company," "represented to investors that Vertical owned" Iron Angel and Wellsprings, and was responsible for branding of Iron Angel products, but delayed working with Ms. Shulman; (3) Elyse Kaplan obtained state and county cannabis licenses, but did not have the licenses split, did not address Notices of Violations on Iron Angel and Wellsprings, and did not give Ms. Shulman access to accounts with regulatory authorities; and (4) NCAMBA9 was a signatory to the Cultivation Agreement. *See* Complaint ¶ 193. These alleged activities do not indicate that these individuals and entities agreed to violate RICO, or that they agreed to commit, or participated in, two predicate offenses.

D. Plaintiffs Fail To State Any Claim For Fraud

1. Legal Standard

The elements of intentional misrepresentation are: "(1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud or to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Yastrab v. Apple Inc.*, 173 F. Supp. 3d 972, 977 (N.D. Cal. 2016) (citations omitted). Negligent misrepresentation requires: (1) the misrepresentation of a past or existing material fact; (2) without reasonable ground for believing it to be true; (3) with the intent to induce another's reliance on the fact misrepresented; (4) justifiable reliance on the misrepresentation; and (5) resulting damage." *Monreal v. GMAC Mortg.*, LLC, 948 F. Supp. 2d 1069, 1077 (S.D. Cal. 2013). "To establish a cause of action for fraudulent concealment, a plaintiff must plead and prove five elements: (1) the defendant must have concealed or suppressed a material fact; (2) the defendant must have been under a duty to disclose the fact to the plaintiff; (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff; (4) the plaintiff must have been unaware

of the fact and would not have acted as he did if he had known of the concealed or suppressed fact; and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." *Id.* at 1077.

"Claims alleging intentional misrepresentation, negligent misrepresentation, and fraudulent concealment all sound in fraud and thus must be pled with particularity under Federal Rule of Civil Procedure 9(b)." *Monreal*, 948 F. Supp. 2d at 1077–78. "Consequently, Plaintiffs' allegations must identify the who, what, when, where, and how of the misconduct charged, as well as 'what is false or misleading about [the purportedly fraudulent] statement, and why it is false. In addition, the allegations must satisfy Rule 8(a) by stating a plausible claim." *Yastrab*, 173 F. Supp. 3d at 978 (internal citations omitted).

2. The Intentional and Negligent Misrepresentation Claims Fail as the Complaint Fails to Allege Any Actionable Misrepresentation

The Complaint fails to allege an actionable misrepresentation by Kaplan or Ms. Dorne by failing to allege "what is misleading about [the purportedly fraudulent] statement[s], and why [they are] false." *Yastrab*, 173 F. Supp. 3d at 977. The alleged misrepresentations in the intentional and negligent misrepresentation claims are identical, and will therefore be analyzed together.

(a) Alleged Misrepresentations by Kaplan

The Complaint lists eight alleged misrepresentations by Kaplan. Complaint ¶ 222 (a)-(h) (intentional), and ¶ 268 (a)-(h) (negligent). The Complaint makes the conclusory statement that "Kaplan's representations were false when he made them," Complaint ¶¶ 223, 269, but fails to specify what about each of the alleged statements was misleading or why each statement is false, as required.

- (a): "On or about June 23, 2017, in Vertical's Agoura Hills office, Kaplan told Ms. Shulman and others that he was innocent of any charge of past criminal conduct."

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

The Complaint does not explain how these statements were false when made. Indeed, paragraph 14 explicitly speculates that he was dishonest in pleading guilty, which would make his statement of innocence to Ms. Shulman true. The allegation, at best, is an admission that the entire claim is based on speculation.

- (b)-(d): These alleged misrepresentations were purportedly made by Kaplan at a June 23, 2017 meeting.[3]

The Complaint does not allege why or how any of these statements, such as Vertical having extensive experience in the cannabis industry, were false when made. While the Complaint alleges that "Vertical offered little assistance" in operating the business, Complaint ¶ 86, even if true, it does not mean that Vertical misrepresented its extensive experience in the cannabis industry.

- (e): "On or about July 21, 2017, Kaplan told Ms. Shulman that he intended to and had the financial means available to close on the Wellsprings Property."

The Complaint alleges that "[a]fter entering into the Wellsprings Agreement, Kaplan and Vertical began managing operations on Wellsprings, but then quickly confessed that they did not have the financial resources to close escrow by January 2018." Complaint, ¶ 92. Even if true, it does not mean that the representation was false when made. *See UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc.*, 117 F. Supp. 3d 1092, 1108 (C.D. Cal. 2015) ("Mere nonperformance of a promise does not suffice to show the falsity of the promise.").

- (f)-(h): These alleged misrepresentations relate to Kaplan's statements regarding investment money coming from an investor in Mexico City.

The only other allegations in the Complaint referring to these statements are in paragraph 75, which lists these statements without explaining how or why they were false when made. That the "money never arrived" notwithstanding Kaplan's

---

[3] The only other allegations in the Complaint regarding this June 23, 2017 meeting are in paragraph 66, which lists these same statements, and lack any explanation of why they were false when made.

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

alleged assurances, Complaint ¶ 75, is insufficient to support the idea that Kaplan's statements regarding the existence and arrival of the money were false when made. *See UMG Recordings, Inc.*, 117 F. Supp. 3d at 1108 ("Mere nonperformance of a promise does not suffice to show the falsity of the promise.").

(b) Alleged Misrepresentations by Dorne

The Complaint lists three alleged misrepresentations purportedly by Ms. Dorne, Complaint, ¶ 238 (a)-(c) (intentional), and ¶ 284 (d)-(f)[4] (negligent), but fails to allege how or why these alleged representations were false when made.

With respect to the first two purported misrepresentations, Ms. Dorne allegedly stated that "she was working with a financially stable company with existing indoor cultivation, manufacturing, brand partners, and dispensaries," and that Vertical "had significant experience in the cannabis industry." Complaint ¶ 238 (a)-(b), and ¶ 284 (d)-(e). The Complaint is devoid of any statement regarding how these representations were false when made.

Beyond the failure to allege why or how the representations were false when made, the Complaint concedes that, as to the third representation regarding the purchase of the Monterey facility, Complaint ¶¶ 238 (c), 284(f), the purported falsity is alleged "on information and belief." This is insufficient. *See Cutler v. Rancher Energy Corp.*, 2014 WL 1153054, at *9 (C.D. Cal. Mar. 11, 2014) (allegation on information and belief regarding falsity of statements insufficient).

Without stating any actionable misrepresentation, Plaintiffs' claims for intentional and negligent misrepresentation fail.

E. Plaintiffs Cannot State a Claim for Fraudulent Concealment as the Complaint Fails to Establish a Duty to Disclose the Allegedly Concealed Facts

"To maintain a cause of action for fraud through nondisclosure or concealment of facts, there must be allegations demonstrating that the defendant was

[4] The paragraph numbering incorrectly begins with sub-part (d), omitting (a)-(c).

under a legal duty to disclose those facts." *L.A. Mem'l Coliseum Comm'n v. Insomniac, Inc.*, 233 Cal. App. 4th 803, 831 (2015). Courts consider duty to be the "threshold question." *Bank of Am. Corp.*, 198 Cal. App. 4th at 871.

To analyze duty, courts look at "four circumstances in which nondisclosure or concealment may constitute actionable fraud: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts." *Bank of Am. Corp.*, 198 Cal. App. 4th at 871.

Plaintiffs have not, and cannot, established a duty to disclose the allegedly concealed facts. The Complaint alleges Mr. Kaplan had a "duty to disclose these alleged facts (regarding, *inter alia*, Defendants' experience in the cannabis industry, available funds, and their intentions with respect to Iron Angel) because (1) they materially qualify other facts that he did disclose, (2) they were accessible only to him and not reasonably accessible to Ms. Shulman, (3) he actively concealed the facts, and (4) he had a relationship with Ms. Shulman that Kaplan actively sought to foster through emotional manipulation." Complaint ¶ 246. Identical allegations of duty are made with respect to Dorne. Complaint ¶ 261.

But no duty arises from a "relationship" based on purported "emotional manipulation." Further, the allegedly concealed facts were accessible to Plaintiffs. For example, the first two allegedly concealed facts regard Kaplan's alleged past "criminal" conduct. The Complaint admits that Kaplan "invited Ms. Shulman to look him up on the Internet" regarding these past issues, Complaint ¶ 67, which Kaplan's website publicly explains. Complaint ¶ 14.

Moreover, even if it were true that Defendants allegedly "actively concealed" facts (it is not), all of the allegedly concealed facts are variations of the same "facts" that are the basis of the intentional misrepresentation claims. Thus, Plaintiffs'

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

misguided "theory, in essence, is that [Defendants] owed [Plaintiffs] a duty to disclose [Defendants'] intention to commit an intentional tort." *Bank of Am. Corp.*, 198 Cal. App. 4th at 872. This theory is fatally flawed.

Although "everyone has a duty to refrain from committing intentionally tortious conduct against another, it does not follow that one who intends to commit a tort owes a duty to disclose that intention to his or her intended victim. The general duty is not to warn of the intent to commit wrongful acts, but to refrain from committing them. We are aware of *no authority supporting the imposition of additional liability on an intentional tortfeasor for failing to disclose [his] tortious intent before committing a tort*." *Id*. (emphasis added) (citations omitted).

Defendants cannot be held additionally liable for "failing to disclose [their alleged] tortious intent." *Bank of Am. Corp*., 198 Cal. App. 4th at 872; *see also In re Silva*, 539 B.R. at 181 (summary judgment granted on fraudulent concealment claim because there was no duty to disclose "present or future intention to commit an intentional tort"); *see also Deteresa v. Am. Broad. Companies, Inc.,* 121 F.3d 460, 467-68 (9th Cir. 1997) (defendant "not liable for failing to disclose its intention to commit those wrongful acts"). Plaintiffs cannot establish the threshold requirement of duty, and therefore fail to state a claim for fraudulent concealment.

F. Ms. Shulman and Iron Angel LLC Lack Standing to Bring Claims for Breach of the Cultivation Agreement or Breach of the Implied Covenant of Good Faith and Fair Dealing

A suit must be brought by the "real party in interest." F.R.C.P. 17. "In general, a person who is not a party to a contract has no standing under California law to enforce the contract or to recover extra-contractual damages for wrongful withholding of benefits to the contracting party." *Id.* Additionally, a plaintiff cannot assert a cause of action for breach of an implied covenant stemming from a contract to which she was not a party. *NovelPoster v. Javitch Canfield Group*, 2014 WL 5687344, at *6 (N.D. Cal. Nov. 4, 2014).

The Complaint asserts that the Cultivation Agreement was entered into by Ms. Shulman *as trustee for the Shulman Family Trust*, 3F, Inc., and Emerald Sky. Complaint ¶ 291. Ms. Shulman is suing in her personal capacity, not as trustee for the Shulman Family Trust. *See* Complaint ¶ 20. Therefore, Ms. Shulman is not a party to the contract. Nor is Iron Angel LLC. Accordingly, neither Ms. Shulman nor Iron Angel LLC is a real party in interest to the Cultivation Agreement, and neither has standing to pursue claims for its breach.

G. Plaintiffs Cannot Establish a Claim for Breach of Contract of the Cultivation Agreement Against Todd Kaplan or a Breach of Oral Contract for the Wellsprings Agreement Against NCAMBA9

Only a party to the contract can be liable for breach of that contract. *Holt v. Kormann*, 2011 WL 13232158, at *5 (C.D. Cal. Sept. 27, 2011) ("When a defendant is not a party to a contract, he cannot be liable for breach of that contract."). Todd Kaplan is not, and is not alleged to be, a party to the Cultivation Agreement.[5] Accordingly, he cannot be liable for breach of the Cultivation Agreement and this claim against him should be dismissed.

Plaintiffs do not allege that NCAMBA9 is a party to the oral contract regarding Wellsprings. *See* Complaint ¶ 299. Therefore, NCAMBA9 cannot be liable for any breach of that oral agreement. *Holt*, 2011 WL 13232158, at *5.

H. Plaintiffs Cannot Establish a Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing of the Wellsprings Agreement Against NCAMBA9 or Vertical

Only a party to a contract can breach the implied covenant of good faith and fair dealing. *Webster v. HSBC USA Nat'l Ass'n*, 2012 WL 13012700, at *2 (C.D. Cal. March 5, 2012) (citing *Hatchwell v. Blue Shield of California*, 198 Cal. App. 3d 1027, 1033 (1988)). NCAMBA9 is not alleged to be a party to the oral Wellsprings

[5] The Cultivation Agreement, which is attached to the Complaint as Exhibit B, is between NCAMBA9, the Shulman Family Trust, the Kim L. Marienthal and Barbara N. Marienthal 2003 Trust, The Sweet Ambergris Collective, 3F, Inc., and Emerald Sky Ranch, LLC. *See* Complaint, Ex. B.

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

agreement, Complaint ¶ 299, and therefore could not breach the implied covenant of good faith and fair dealing. The Complaint also fails to allege that Vertical engaged in any actions that breached the implied covenant of good faith and fair dealing.

This claim against both NCAMBA9 and Vertical should be dismissed.

I. Plaintiffs Cannot Establish the Trademark Infringement, False Advertising, or California Common Law Unfair Competition Claims

Plaintiffs assert the following infringement claims: (1) Count XIII for False Advertising in Violation of California Business & Professions Code § 17500, et seq.; (2) Count XIV for Unfair Competition in Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) Trademark Infringement; (3) Count XV for False Advertising in Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and (4) Count XVI for Unfair Competition in Violation of California Common Law.

Courts analyze these claims together as they all require analysis of the same elements. *Kythera Biopharmaceuticals, Inc. v. Lithera, Inc.*, 998 F. Supp. 2d 890, 897–98 (C.D. Cal. 2014); *see also Hokto Kinoko Co. v. Concord Farms, Inc.*, 810 F. Supp. 2d 1013, 1031 (C.D. Cal. 2011) ("[T]he courts have uniformly held that common law and statutory trademark infringement are merely specific aspects of unfair competition.") (citations omitted); *Grupo Gigante SA De CV v. Dallo & Co.*, 391 F.3d 1088, 1100 (9th Cir. 2004) ("trademark claims under California law are substantially congruent with federal claims and thus lend themselves to the same analysis.") (citation omitted).

Accordingly, these claims must rise and fall together. *See Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1221 (9th Cir. 2012) ("Appellants' state law trademark infringement claim (as well as their claim under the UCL to the extent it is based on infringement grounds) is subject to the same legal standards as their Lanham Act trademark claim.") (internal citation omitted).

To prevail on its claims of infringement, Plaintiff "must show: (1) that it has a valid, protectable trademark, and (2) that defendant's use of the mark is likely to

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

cause confusion." *Kythera*, 998 F. Supp. 2d at 898 (citing *Applied Info. Scis. Corp. v. eBay, Inc.*, 511 F.3d 966, 969 (9th Cir. 2007); *see also Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1134 (9th Cir. 2006) ("A claim of trademark infringement under § 1114(1)(a) of the Lanham Act requires a trademark holder to demonstrate: (1) ownership of a valid mark (i.e., a protectable interest), and (2) that the alleged infringer's use of the mark is likely to cause confusion, or to cause mistake, or to deceive consumers") (internal quotation marks and citation omitted).

1. Plaintiffs Do Not Have A Valid, Protectible Mark

"It is axiomatic in trademark law that the standard test of ownership is priority of use. To acquire ownership of a trademark it is not enough to have invented the mark first or even to have registered it first; the party claiming ownership must have been the first to actually use the mark in the sale of goods or services. Therefore, a party pursuing a trademark claim must meet a threshold 'use in commerce' requirement." *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1203 (9th Cir. 2012) (internal citations omitted).

The Complaint alleges that Ms. Shulman named the 5930 Santa Rosa Road property after her motorcycle, which she had nicknamed "Iron Angel." Complaint ¶ 5. Despite referring to "Iron Angel" as her "trademark" once in the Complaint, Complaint ¶ 106, the Complaint does not allege that the "trademark" is registered (it is not), nor does it allege that Ms. Shulman used this name in commerce in connection with the sale of goods or services. Indeed, while the Complaint alleges that, prior to Ms. Shulman's affiliation with Defendants, she "started with a one-acre grow in 2014, which yielded approximately 2,000 pounds of cannabis and sold for about $1,300 per pound," Complaint ¶ 57, the Complaint does *not* allege that any goods or services were sold under the "Iron Angel" name.[6]

[6] Moreover, the "Iron Angel" name is already associated with multiple goods and services, including but not limited to the following: the 1964 movie entitled Iron

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

In fact, the Complaint *admits* that the brand "Iron Angel" was not established, which is purportedly why Ms. Shulman entered into an alleged "branding agreement" whereby "Vertical would develop the Iron Angel brand for Ms. Shulman." Complaint ¶ 75. The Complaint further alleges that the parties had discussions of a "brand launch in early 2019." Complaint ¶ 76.

Plaintiffs fail to satisfy the first prong of a trademark infringement claim. Naming a ranch after a motorcycle is not sufficient to obtain a trademark. All of Plaintiff's infringement claims (Counts XIII-XVI) therefore fail to state a claim.

2. Plaintiffs Fail To Allege Likelihood of Confusion

"[A] plaintiff trademark owner must establish a valid, protectable interest in order to proceed to the second prong of the trademark infringement analysis—the likelihood of confusion resulting from the defendant's alleged infringing use." *Applied Info. Scis. Corp. v. eBAY, Inc.*, 511 F.3d 966, 972 (9th Cir. 2007). Thus, the second prong need not be analyzed here given Plaintiffs' inability to establish a valid, protectible mark. However, even if Plaintiffs had a protectable mark, the allegations fail to state facts showing a likelihood of confusion.

First, likelihood of confusion stems from a "defendant's alleged infringing use." *Applied Info. Scis. Corp.*, 511 F.3d at 972. Here, the Complaint does not allege any infringing use. Rather, the Complaint alleges—and bases claims on—an alleged branding agreement between Ms. Shulman and Vertical for the launch of the Iron Angel brand. Complaint ¶ 76. The Complaint cannot simultaneously make claims for a purported breach of this branding agreement, pursuant to which Defendants were allegedly supposed to develop the "Iron Angel" brand, and claim at the same time that Defendants falsely represented they were "affiliated,

---

Angel; the band Iron Angel, formed in 1983; Iron Angel brand jewelry (theironangel.com); and the Iron Angel sculpture created by Timothy Cassidy (www.cityartmankato.com/cityart/iron-angel/). Ms. Shulman cannot establish ownership over Iron Angel via priority of use, even if she did make allegations that she had used the Iron Angel name in commerce, which she does not.

connected, or associated with, or sponsored or approved by Plaintiffs." Complaint ¶ 359. This is nonsensical—Plaintiffs *conceded* that they *condoned* Defendants' affiliation, connection, and association with the "Iron Angel" brand. *See, e.g.,* Complaint ¶ 75.

The only allegation that Defendants have used "Iron Angel" is that Defendants "commissioned a video showing Ms. Shulman riding her Harley Davidson, after which the Iron Angel brand splashed across the screen. This video (pictured below) remains on Vertical's website, long after the parties' business relationship terminated." Complaint ¶ 75. First, this video does not currently appear on Vertical's website, and the Complaint contains no allegation regarding when this video was in use. Second, the video features Ms. Shulman herself as the face of the purported Iron Angel brand that Vertical was helping her develop. This alleged use of "Iron Angel" would only serve to attribute "Iron Angel" to Ms. Shulman. *See Spy Optic, Inc. v. Alibaba.Com, Inc.*, 163 F. Supp. 3d 755, 764 (C.D. Cal. 2015) ("The central inquiry of the trademark infringement claim is whether [Defendant's] use of [Plaintiff's valid trademarks] creates a likelihood that the consuming public will be confused as to who makes what product.") (citation omitted).

Aside from this alleged video, the Complaint makes no allegation that Defendants used the "Iron Angel" name, and in fact, even alleges that Defendants referred to the properties as *Santa Rita*, not Iron Angel. Complaint ¶ 15 (alleging that Defendants "would ultimately lie to investors and others, claiming they owned Iron Angel and Wellsprings, prominently featuring the properties in their marketing materials—even after they had been evicted. They used the term "Santa Rita" to refer to Iron Angel and Wellsprings . . . .").

Plaintiffs fail to establish the second prong of a trademark infringement claim, and on this additional basis, the infringement claims fail.

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

3. Plaintiffs Fail to Plead False Advertising Under the Heightened Pleading Standard

While subject to the same general analysis as the other infringement claims, a claim for false advertising under the Lanham Act (Complaint, Count XV) is subject to a heightened pleading standard.[7]

"To satisfy Rule 9(b), Plaintiff must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Id*. (citing *Schreiber Distrib. Co. v. Serv–Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). "Further, Plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id*. (citing *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).

The false advertising claim alleges generally that "Defendants' claims in their marketing materials and communications with investors and brand partners that the Iron Angel and Wellsprings properties and the Iron Angel mark belong to Vertical are false and/or misleading statements of fact." Complaint ¶ 364. The Complaint fails to allege any detail regarding the time, place or specific content of Defendants' alleged "false" advertising. The claim fails for this additional reason.

J. Plaintiffs Cannot Establish a Claim for Intentional Interference with Contractual Relations Against Todd Kaplan Because He is a Party to the Wellsprings Purchase Agreement

A claim for intentional interference with contractual relations requires (1) a valid contract between Plaintiff and a third party; (2) defendant's knowledge of that contract; (3) defendant's intentional acts designed to induce a breach or disruption

---

[7] "Although the Ninth Circuit has not concluded that Rule 9(b) applies to Lanham Act claims, many district courts have applied this heightened pleading standard to claims that are grounded in fraud, such as misrepresentation claims. The Court agrees that Plaintiff's false advertising claims are grounded in fraud and that Rule 9(b) applies to the pleading of this claim." *EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.*, 711 F. Supp. 2d 1074, 1085 (C.D. Cal. 2010); *see also Bobbleheads.com, LLC v. Wright Bros., Inc.*, 259 F. Supp. 3d 1087, 1094–95 (S.D. Cal. 2017) (same).

of the contractual relationship; (4) actual breach of disruption of the contractual relationship; and (5) resulting damage. *Ixchel Pharma, LLC v. Biogen, Inc.*, 930 F.3d 1031, 1037 (9th Cir. 2019) (citing *Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990)).

"[A]s a matter of law, a party to a contract cannot tortiously interfere with the contract." *Wynn v. Nat'l Broadcasting Co.*, 234 F. Supp. 2d 1067, 1123 (C.D. Cal. 2002) (citing *Applied Equip. Corp. v. Litton Saudi Arabia, Ltd.*, 7 Cal. 4th 503, 514 (1994)); *see also Weinbaum v. Goldfarb, Whitman & Cohen*, 46 Cal. App. 4th 1310, 1316-17 (1996) (holding that "a contracting party [] is incapable of interfering with the performance of his own contract [and] cannot be held liable in tort for conspiracy to interfere with its own contract.").

Plaintiffs allege that Ms. Shulman assigned half of her rights in Wellsprings to Kaplan. Complaint ¶ 95. Thus, Kaplan was a party to the Wellsprings Purchase Agreement, and incapable of interfering with that contract as a matter of law. *See Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 514 (1994).

K. Plaintiffs Fail to Establish a Claim for Intentional Interference with Prospective Economic Advantage

The elements of interference with prospective economic advantage are: "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." *CRST Van Expedited, Inc. v. Werner Enterprises, Inc.*, 479 F.3d 1099, 1107-08 (9th Cir. 2007) (citing *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2003). The plaintiff must allege an act that is wrongful independent of the interference itself. *Id.* Here, Ms. Shulman alleges that Kaplan and Vertical interfered with the Wellsprings Purchase Agreement by failing to follow through on

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

their own agreement with Ms. Shulman. Complaint ¶ 388. "California law does not recognize a breach of contract as a 'wrongful act' predicate required for this claim." *Addison Navone, LLC v. Travelers Property Casualty Co. of Am.*, 2019 WL 1746035, at *3 (C.D. Cal. April 16, 2019). The claim for intentional interference with prospective economic advantage should be dismissed.

L. Plaintiffs Cannot Establish a Claim for Intentional Infliction of Emotional Distress

In order to establish a claim for intentional infliction of emotional distress, a plaintiff must allege: "(1) extreme and outrageous conduct by defendant; (2) with intent to cause, or reckless disregard for the possibility of causing, emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of emotional distress." *Avina v. United States*, 681 F.3d 1127, 1131 (9th Cir. 2012) (applying California law). "The conduct by the defendant must be so extreme as to exceed all bounds of that usually tolerated in a civilized community to satisfy the first element of the claim." *Allstate Ins. Co. v. Madan,* 889 F. Supp. 374, 383 (C.D. Cal. 1995). "Liability for intentional infliction of emotional distress does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Hughes v. Pair*, 46 Cal. 4th 1035, 1051 (2009) (internal quotation omitted).

Plaintiffs allege, *inter alia*, that Defendants' "screamed" at Plaintiff, threatened to "bury" her in litigation, and played loud music on her property at night. *See* Complaint ¶ 397. As a matter of law, such conduct is not "so extreme as to exceed all bound of that usually tolerated in a civilized community." *See Schneider v. TRW, Inc.*, 938 F.2d 986, 992 (9th Cir. 1991) (holding that supervisor making threatening gestures and screaming at employee while criticizing her did not amount to outrageous conduct); *see also McClintock v. West*, 219 Cal. App. 4th 540, 556 (2013) (holding that court properly sustained demurrer to intentional infliction of emotional distress claim because "[a]s a matter of law, accusing a person of

Elkins Kalt Weintraub Reuben Gartside LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

stalking, stating that one is afraid of him, and refraining from contacting him directly thereafter is not 'extreme and outrageous' conduct . . ."). Even if the conduct alleged were sufficiently outrageous to state a claim, there is no allegation that Defendants Drew Milburn, Robert Scott, and Courtney Dorne participated in such alleged conduct. Therefore, Plaintiffs' claim for intentional infliction of emotional distress fails as a matter of law.

M. Ms. Shulman Cannot Establish a Claim for Elder Financial Abuse

Where, as here, a plaintiff alleges elder abuse based on fraud, *see* Complaint ¶402,[8] she must do so with particularity. *Markowitz v. Diversified Lending Group, Inc.*, 2009 WL 10670690, at *6 (C.D. Cal. Sept. 3, 2009); *see also Lintz v. Bank of America, N.A.*, 2013 WL 5423873, at *8 (N.D. Cal. Sept. 27, 2013). As discussed in detail *supra*, Ms. Shulman fails to allege fraud with particularity. Accordingly, her claim for elder financial abuse fails.

To the extent that Ms. Shulman's elder abuse claim stems from the allegedly wrongful taking or retention of a 50% share in net income from the crops on the Iron Angel property, damage to Iron Angel, goodwill in the Iron Angel mark, and damage to the Wellsprings property, these damages do not belong to Ms. Shulman. Instead, they are damages incurred, if at all, by 3F, Iron Angel LLC, non-parties, or the Shulman Family Trust, which owns the Iron Angel property. *See* Complaint, Ex. B.; *id.* ¶56 n.2. Companies and trusts are not "elders" for purposes of the Elder Abuse Act. *See* Cal. Welf. & Inst. Code § 15610.27 (elder is "any person residing in [California], 65 years of age or older").

Ms. Shulman's claim for financial elder abuse should be dismissed.

[8] "The actions of Kaplan and others, as alleged herein and above, are an unconscionable and despicable fraud upon Ms. Shulman."

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

N. Plaintiffs Cannot Establish a Claim for Malicious Prosecution

To establish a claim for malicious prosecution, a plaintiff must show that the prior action against her "(1) was commenced by or at the direction of the defendant," (2) "was pursued to a legal termination in [her], plaintiff's favor," (3) "was brought without probable cause," and (4) "was initiated with malice." *Fleishman v. Superior Court*, 102 Cal. App. 4th 350, 354 (2002). Probable cause "is a legal issue, not a factual one." *Id.* "Only those actions that any reasonable attorney would agree are totally and completely without merit may form the basis for a malicious prosecution suit." *Id.*

With regard to the first element, even where a witness knows that an action is groundless, he will not be liable for malicious prosecution unless "his share in continuing the prosecution [is] active, as by insisting upon or urging further prosecution." *Zucchet v. Galardi*, 229 Cal. App. 4th 1466, 1483 (2014). Ms. Shulman does not assert any action taken by Vertical in connection with the underlying action. With respect to Matt Kaplan and Elyse Kaplan, she asserts only that they entered declarations in the action. Complaint ¶ 146. The Complaint fails to allege Matt Kaplan, Elyse Kaplan, or Vertical insisted upon or urged litigation against Ms. Shulman. Therefore, Ms. Shulman has not met the first element of her malicious prosecution claim against these defendants and the claim against them should be dismissed.

O. Rescission and Constructive Trust Are Not Causes of Action

Ms. Shulman's cause of action for rescission fails as a matter of law because there is no standalone claim for rescission under California law. *See Nakash v. Superior Court*, 196 Cal. App. 3d 59, 70 (1987) ("Rescission is not a cause of action; it is a remedy."); *see also Taguinod v. World Sav. Bank,* FSB, 755 F. Supp. 2d 1064, 1072 (C.D. Cal. 2010) (dismissing rescission claim because it is a remedy, not a cause of action); *Camofi Master LDC v. Associated Third Party*

*Administrators*, 2016 WL 6834585, at *3 (N.D. Cal. Nov. 21, 2016) (quoting *Reyes v. Wells Fargo Bank, N.A.*, 2011 WL 30759, at *17 (N.D. Cal. Jan. 3, 2011).

Similarly, Ms. Shulman's cause of action for constructive trust against Vertical Wellness fails as a matter of law because constructive trust is a remedy, not a cause of action. *Taguinod v. World Sav. Bank, FSB*, 755 F. Supp. 2d 1064 (C.D. Cal. 2010) (granting motion to dismiss as to claim for constructive trust because constructive trust is not a cause of action); *see also Embarcadero Mun. Improvement Dist. v. County of Santa Barbara*, 88 Cal. App. 4th 781, 793 (2001).

III. CONCLUSION

Defendants' motion to dismiss should be granted.

DATED: August 20, 2019

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP

By: /S/ Julie Z. Kimball
JULIE Z. KIMBALL
Attorneys for Defendants Todd Kaplan, Medical Investor Holdings LLC dba Vertical Companies, Vertical Wellness, Inc., Matt Kaplan, Drew Milburn, Courtney Dorne, Smoke Wallin, Robert Scott Kaplan aka Robert Scott, Elyse Kaplan, Jeff Silver, Iron Angel II, LLC, and NCAMBA9, Inc.

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

# PROOF OF SERVICE

Francine Shulman; Iron Angel, LLC, et al. v. Todd Kaplan, et al.
Case No. 2:19-CV-05413

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 10345 W. Olympic Blvd., Los Angeles, CA 90064.

On August 20, 2019, I served true copies of the following document(s) described as MIH DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT, SUBMITTED IN THE ALTERNATIVE TO MIH DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY ACTION PENDING ARBITRATION on the interested parties in this action as follows:

Stuart C. Plunkett
Peter K. Huston
BAKER BOTTS LLP
101 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (415) 291-6200
Email: stuart.plunkett@bakerbotts.com
peter.huston@bakerbotts.com

Theresa A. Sutton
Kathryn S. Christopherson
BAKER BOTTS LLP
1001 Page Mill Rd., Bldg. 1, Suite 200
Palo Alto, CA 94304
Telephone: (650) 739-7500
Email: theresa.sutton@bakerbotts.com
kathryn.christopherson@bakerbotts.com
*Attorneys for Plaintiffs Francine Shulman, Iron Angel, LLC, and 3F, Inc.*

Elliot Siegel
KING & SIEGEL LLP
600 Wilshire Blvd., Suite 500
Los Angeles, CA 90017
telephone: (213) 419-5101
Email: elliot@kingsiegel.com
*Attorneys for Defendant Charles Houghton*

BY CM/ECF NOTICE OF ELECTRONIC FILING: I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 20, 2019, at Los Angeles, California.

/S/ Melanie G. Yuen
Melanie G. Yuen